IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| IN RE: | IN PROCEEDINGS UNDER CHAPTER 7 |
| TIFFANY N. STEVENS, | CASE NO. 05-26076 |
| Debtor. | ADVERSARY PROCEEDING NO. 07-1068 |
| | CHIEF JUDGE RANDOLPH BAXTER |
| STEVEN S. DAVIS, TRUSTEE, | |
| Plaintiff, | |
| v. | |
| TIFFANY N. STEVENS, | |
| Defendant. | |



## MEMORANDUM OF OPINION AND ORDER

The matter before the Court is a motion for summary judgment filed by Chapter 7 Trustee Steven S. Davis (Trustee). The Trustee moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy matters under Rule 7056. Summary judgment is sought in disposition of the Trustee's adversary complaint objecting to Debtor Tiffany N. Stevens' discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6). The Debtor has not responded to the motion for summary judgment. The Court acquires core matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. The following constitutes the findings and conclusions of law in support of granting summary judgment in favor of the Trustee on the pleadings:

Debtor filed for voluntary relief under Chapter 7 proceedings on September 28, 2005. On

November 15, 2006, the Court ordered Debtor to turnover the sum of $2,332.00 to the Trustee. The Trustee alleges that Debtor has only turned over $500.00 and has therefore not complied with this Court's November 15, 2006 order.

On February 7, 2007, the Trustee commenced an adversary proceeding seeking the revocation of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6), based on her failure to turnover the funds. On June 13, 2007, the Trustee moved for summary judgment on the complaint allegations. On that same date, the Court issued an Order notifying the Debtor that the Trustee's motion for summary judgment was filed and that she had ten days to respond or certify that there is no opposition. Debtor did not respond to the motion for summary judgment or otherwise comply with the Court's Order.

\*\*

The dispositive issue is whether there exists a genuine issue of material fact in dispute and whether summary judgment should be granted as a matter of law.

\*\*\*

Herein, the Trustee asserts that Debtor failed to turnover funds in the amount of $2,332.00 as ordered by this Court on November 15, 2006. Based on Debtor's failure to turnover the funds, the Trustee contends that Debtor's discharge should be denied pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6). Section 727(d)(3) states in pertinent part:

> (d)On request of the trustee . . . the court shall revoke a discharge granted . . . if–
>
> > (3)the debtor committed an act specified in subsection (a)(6) of this section.

Section 727(a)(6)(a) provides in pertinent part:

> (a)The court shall grant the debtor a discharge, unless--

2

> (6) the debtor has refused, in the case--
>
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; ...

11 U.S.C. § 727(a)(6)(A); *See e.g. In re Faber,* 330 B.R. 235, 240 (Bankr. N.D. Ind. 2005)(opining that it is constrained by the law with respect to a debtor-defendant's failure to appear at a default judgment hearing and that the Trustee/plaintiff has established a *prima facie* basis for the revocation of the debtor's/defendant's discharge pursuant to 11 U.S.C. § 727(a)(6)(A)); *In re Magack,* 247 B.R. 406 (Bankr. N.D. Ohio 1999)(where the debtor fails to comply with valid court orders, the trustee may seek revocation of the discharge).

The Trustee bears the burden of proof to demonstrate, by a preponderance of the evidence, that the debtor has violated one of the subsections of § 727. *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174, 178 (5th Cir. 1992), *citing Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659-60, 112 L.Ed.2d 755 (1991).

In support of the motion for summary judgment, the Trustee attached an affidavit attesting that the Debtor has not turned over the funds as required by this Court's order. Rule 56, made applicable to this proceeding under Bankruptcy Rule 7056, provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c), Fed. R. Bankr. P. 7056 (c). Rule 56(e) describes the burden of the nonmoving party. That subsection provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise

3

> provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e), Fed R. Bankr.P. 7056(e).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether the [trier of fact] could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. 2505.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby,* 863 F.2d 1029, 1034 (D.C.Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Pavlovich v. National City Bank*, 342 F.Supp.2d 718, 722-723 (N.D. Ohio 2004) *citing Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D. Ohio 1992).

4

Herein, on November 15, 2006, the Court ordered the Debtor to turnover funds in the amount of $2,332.00 to the Trustee. The Debtor has turned over only $500.00 and therefore has failed to comply with this Court's Order. Debtor has not responded to the motion for summary judgment and has not otherwise refuted the Trustee's affidavit that she failed to turnover the funds. Therefore, Debtor has not met her burden as the non-moving party under Rule 56(e). Thusly, there is no genuine issue of material fact in dispute.

Accordingly, summary judgment is hereby granted, without opposition, pursuant to Rule 56(c). Each party is to bear its respective costs.

**IT IS SO ORDERED.**

Dated, this _17th_ day of
July, 2007

RANDOLPH BAXTER
**CHIEF JUDGE**
**UNITED STATES BANKRUPTCY COURT**